IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ashley M. Martin,<br><br>              Plaintiff,<br>vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>              Defendant. | Civil Action No. 6:15-cv-4886-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed January 4, 2017, recommends the decision of the Commissioner be affirmed. ECF No. 23. On February 1, 2017, Plaintiff filed objections to the Report. ECF No. 27. On February 3, 2017, the Commissioner filed a response to Plaintiff's objections. ECF No. 28. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

## **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ."  *Johnson*, 434 F.3d at 653.  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ."  *Id.*

## Background

Plaintiff applied for DIB and SSI on March 21, 2013, alleging disability as of May 1, 2009 due to chronic Budd-Chiari Syndrome with associated fatigue, nausea, abdominal pain, and edema.[2]  Plaintiff's applications were denied initially and upon reconsideration.  On January 22, 2015, a hearing was held before an Administrative Law Judge ("ALJ").  On April 6, 2015, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act and had the ability to perform light work.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action December 10, 2015.  ECF No. 1.

## Discussion

The Magistrate Judge recommends the court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied.  Plaintiff

---

[2] Plaintiff's alleged onset date for her disability was later amended to September 1, 2013.

3

objects to the Report, advancing the same arguments as in her initial brief and arguing the Magistrate Judge erred in finding 1) the ALJ committed no error in the evaluation and rejection of Dr. Greenberg's opinion; 2) the Appeals Council committed no error by failing to vacate and remand the decision of the ALJ for consideration of Dr. Greenberg's supplemental opinion; and 3) the ALJ properly evaluated Plaintiff's subjective complaints and credibility.

### *1) Dr. Greenberg's Initial Opinion*

Plaintiff objects to the Magistrate Judge's determination that the ALJ properly rejected Dr. Greenberg's opinion. First, Plaintiff argues the ALJ erred in rejecting Dr. Greenberg's opinion based on its inconsistency with another treating physician's report of Plaintiff's medical status. However, in contrast to Plaintiff's characterization of the ALJ's decision, the ALJ did not reject Dr. Greenberg's opinion outright. Rather, the ALJ considered the objective findings of Dr. Greenberg's examination and then discussed his opinion regarding ability to work, to which the ALJ afforded "little weight." Plaintiff argues the other physician's opinion (that of Dr. Meyers) was "just a tentative, vague opinion from a student doctor" who did not have Plaintiff's prior records for review, and therefore should not be a basis for rejecting Dr. Greenberg's opinion. However, as the ALJ noted in the decision, both Dr. Meyers and Dr. Greenberg are "treating physicians," in that they performed physical examinations of Plaintiff as opposed to merely reviewing medical records. Both had the benefit of contemporaneous medical testing regarding Plaintiff's condition. In affording little weight to Dr. Greenberg's opinion, the ALJ considered not only Dr. Meyers' contradictory opinion, but also the inconsistency between Dr. Greenberg's opinion that Plaintiff was incapable of working (since September 2013) and Plaintiff's current

4

work schedule of approximately 30 hours per week. For these reasons and those in the Report, the court finds no error in the ALJ's decision to assign little weight to the opinion of Dr. Greenberg that Plaintiff was incapable of working since September 2013.

Second, Plaintiff argues the Magistrate Judge's conclusion that Plaintiff's Budd-Chiari Syndrome has not progressed to the point of disability, "since she was evaluated for a liver transplant, but was found to not medically qualify for placement on the transplant list," is "misguided." Plaintiff maintains, consistent with Dr. Greenberg's opinion, her condition is disabling and she "was indeed a candidate for being placed back on the liver transplant list." ECF No. 27 at 2. Plaintiff further argues the Report improperly "proposes affirming the ALJ's decision" regarding Dr. Greenberg's opinion based on other medical information in the record. The court, however, disagrees with Plaintiff's description of the Magistrate Judge's analysis regarding Dr. Greenberg as "post [hoc] reasoning." It is the duty of the court to consider the record when evaluating whether the Commissioner's findings are supported by substantial evidence. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (Courts "cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."). The Report's discussion of the medical reports as consistent with the conclusion Plaintiff is not currently disabled, although contrary to Dr. Greenberg's opinion, was not inappropriate.

Third, Plaintiff objects to the Report's adoption of the ALJ's decision that Dr. Greenberg's opinion is "inconsistent with the claimant's work schedule." Plaintiff points out that her employers accommodate her in order for her to continue to work both of her part time jobs. She also contends her work, as performed, is not inconsistent with Dr. Greenberg's opinion Plaintiff is unable to

5

work an eight-hour, five-day work week. Although Plaintiff's current work may not rise to the level of substantial gainful activity, it does show Plaintiff is not incapable of working "physically or mentally for any consistent length of time." ECF No. 19 at 19 (citing Dr. Greenberg's opinion). In fact, her ability to work "up to four and a half hours a day, four times a week" at one job, and "two and a half to three hours a day" at another demonstrates she is able to work for a consistent length of time. While this may not be evidence that she is capable of performing substantial gainful activity, it is inconsistent with Dr. Greenberg's opinion, as the ALJ stated and the Report agreed.

Finally, Plaintiff "strenuously objects" to the Magistrate Judge's use of daily activities as evidence Plaintiff's functioning was such that she was not considered disabled. However, as stated above, the function of the court is to examine the record as a whole to ensure the Commissioner's findings are supported by substantial evidence. It is not "inappropriate post hoc reasoning" to review the entire record and cite evidence the ALJ's decision was supported by sufficient evidence.

The only physician to opine Plaintiff is disabled was Dr. Greenberg; however, this court is satisfied with the weight assigned to his opinion for the reasons explained above and in the Report. Therefore, this court finds the ALJ's conclusion was supported by substantial evidence.

   *2) Dr. Greenberg's Supplemental Opinion*

Dr. Greenberg also submitted a supplemental opinion after the ALJ reached his decision. The supplemental opinion was received by the Appeals Council, which then denied review. Plaintiff now objects to the Magistrate Judge's finding the Appeals Council committed no error by denying review or failing to remand for consideration of this supplemental report.

6

"The Appeals Council need not explain its reasoning when denying review of an ALJ decision." *Meyer v. Astrue*, 662 F.3d 700, 702 (4th Cir. 2011).[3] The Appeals Council may review the case or remand to the ALJ if "new and material" evidence is submitted: "evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* at 704-05 (internal citations omitted). As recognized by the Magistrate Judge, the Appeals Council considered Dr. Greenberg's supplemental opinion but found it would not change the ALJ's decision and therefore declined to remand. This was well within the purview of the Appeals Council and was not against the weight of evidence. *Id.* at 405. Therefore, the court finds no error in the Appeals Council's denial.

### 3) *Plaintiff's Subjective Complaints and Credibility*

Finally, Plaintiff argues the ALJ failed to properly assess Plaintiff's complaints of pain. Specifically, she argues the ALJ did not consider her "many significant caveats and qualifications" associated with her daily activities. Plaintiff cites *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) in support of her claim the ALJ "selectively cited evidence concerning tasks which [claimant] was capable of performing" and ignored further testimony. However, *Hines* is easily distinguishable, as the claimant testified "his illness and resulting fatigue require[d] him to lie

---

[3] Plaintiff argues "[u]nder *Meyer*, remand is the proper course." ECF No. 27 at 8. However, *Meyer* is readily distinguishable from this case. The *Meyer* court held that it "simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here," where the record had been supplemented by information filling an "evidentiary gap" recognized by the ALJ. *Meyer*, 662 F.3d at 707. There was no such gap in this case, as Dr. Greenberg had previously submitted an opinion and the ALJ had not recognized any missing information that may have been helpful. As substantial evidence does support the ALJ's reasoning here, *Meyer* is inapposite.

7

down half a day." *Id.* at 565.  Further, his wife testified he was "unable to do much around the house," and a friend testified that claimant suffered from a "lack of energy." *Id.*  There the ALJ "selectively cited" tasks such as raking the yard, house repairs, visiting family, going out to eat, and remaining active in his church.  *Id.* at 565-66.  The Fourth Circuit held the ALJ's findings were contradicted by undisputed evidence, and the claimant did not have the capacity to function at any level requiring an eight hour work day on a continual basis.  *Id.* at 566.

In this case, the ALJ acknowledged Plaintiff's complaints of "constant fatigue and constant abdominal pain," fatigue, drowsiness, loss of appetite related to her medications, and abdominal and lower extremity swelling.  Court Tr. at 25.  Regarding her daily activities, the ALJ noted Plaintiff is able to tend to her personal hygiene, work, cook, take her medications independently, wash dishes, do laundry, vacuum, shop, drive[4], handle her finances, watch television, read, talk on the telephone, socialize with friends, visit her sister, and attend church.  *Id.* at 26.  Plaintiff testified she is able to read, do laundry, go to church, and do things with friends occasionally – she characterized this as "doing normal day-to-day" activities.  *Id.* at 45.  The other activities cited (except driving) were referenced in Plaintiff's self-reported "Adult Function Reports" as submitted to the Social Security Administration, and in medical records.  *Id.* at 356-364; 387-396; 888.

Therefore, the ALJ did not "selectively cite" Plaintiff's activities of daily living.  On the contrary, he reviewed the entire record in coming to the conclusion Plaintiff is capable of engaging

---

[4] It is noted by this court that Plaintiff claims she does not drive, as she does not have a license. Court Tr. at 392.

8

in a fair number of daily activities independently. This is unlike the claimant in *Hines*, who had to lie down half of the day, could not do much around the house, and had significantly decreased energy. In examining the ALJ's decision, the medical records, and the Magistrate Judge's Report, it is evident the ALJ considered the evidence of record regarding Plaintiff's physical capabilities and how that impacts her credibility and ability to perform light work. Therefore, the ALJ's decision was supported by substantial evidence.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina<br>
February 22, 2017